**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

SAMUEL SMALLWOOD                                CIVIL ACTION

VERSUS                                          NO.  12-2812

N. BURL CAIN                                    SECTION "H"(4)

## REPORT AND RECOMMENDATION

Before the Court are two motions filed by the petitioner, Samuel Smallwood, entitled **Motion to Amend or Supplement § 2254 Petition and to Stay the Petition in Abeyance to Exhaust State Remedies (Rec. Doc. Nos. 15, 16)**.  The motions and this matter were referred to a United States Magistrate Judge to conduct hearings, including an evidentiary hearing if necessary, and to submit proposed findings and recommendations pursuant to **28 U.S.C. § 636(b)(1)(B) and (C)**, and as applicable, **Rule 8(b) of the Rules Governing Section 2254 Cases**.  Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing.  *See* 28 U.S.C. § 2254(e)(2) (2006).[1]

---

[1] Under 28 U.S.C. § 2254(e)(2), an evidentiary hearing is held only when the petitioner shows that either the claim relies on a new, retroactive rule of constitutional law that was previously unavailable or a factual basis that could not have been previously discovered by exercise of due diligence and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner.

I.      **State Factual and Procedural Background**

The petitioner, Samuel Smallwood ("Smallwood"), is a convicted prisoner incarcerated in the Louisiana State Penitentiary in Angola, Louisiana.[2]  On May 12, 2005, Smallwood was indicted by a Grand Jury in Jefferson Parish for the aggravated rape with force of arms of a known male juvenile in violation of La. Rev. Stat. Ann. § 14:42.[3]  Smallwood entered a plea of not guilty to the charge on May 13, 2005.[4]

The record reflects that, Smallwood was a family friend known to A.W. as "Uncle Sam." Smallwood started babysitting A.W. and his younger brother, C.W., when A.W. was five or six years old.[5]  During those years until he was seven years old, Smallwood would touch A.W.'s private areas.  Smallwood would also put his hands on and stick his penis into A.W.'s butt several times during each visit.  A.W. also reported that he saw Smallwood do these same acts to his four-year-old brother, C.W., when they were at Smallwood's house.[6]  During some of the instances, Smallwood and A.W. would play a game on the Play Station, and then Smallwood would tell A.W. that, before they could play another game, A.W. had to lay across the bed so Smallwood could stick his penis into A.W.'s butt.  Smallwood also told A.W. not to tell anyone or he could loose his house.

_____

[2]Rec. Doc. No. 3.

[3]St. Rec. Vol. 4 of 8, Indictment, 5/12/05; Grand Jury Return, 5/12/05.

[4]St. Rec. Vol. 4 of 8, Minute Entry, 5/13/05.

[5]The facts were taken from the published opinion of the Louisiana Fifth Circuit Court of Appeal on direct appeal. *State v. Smallwood*, 20 So.3d 479, 482-83 (La. App. 5th Cir. 2009); St. Rec. Vol. 2 of 8, 5th Cir. Opinion, 09-KA-86, pp. 2-4, 7/28/09.  Under Louisiana law, the victim and his family are identified by initials in order to protect her identity.  *See* La. Rev. Stat. Ann. § 46:1844(W)(3).

[6]C.W. was three or four years old at the time and never communicated to counselor's or police that he had been abused in this way.

In February 2005, A.W. told his father, K.W., that Smallwood had played with his butt and that it made everything wet on his backside.  A.W. then told his mother that Smallwood had "played with his butt."  Thereafter, K.W. confronted Smallwood, but Smallwood denied the accusations. Faced with conflicting stories, A.W.'s parents took him to Children's Hospital for an examination.

Dr. Ellie Wetsman obtained a history from A.W. outside the presence of his parents, and conducted a physical examination.  During the examination, A.W. told Dr. Wetsman that Uncle Sam "put his private part in my backside," that it happened often, and that he sometimes felt something wet afterwards on his backside.  The physical examination revealed that A.W. had a genital wart on his anus which is a sexually transmitted disease caused by the human papillomavirus ("HPV").  She concluded that A.W.'s genital wart was consistent with sexual abuse.

Children's Hospital then referred the case to the New Orleans Police Department because A.W. lived in New Orleans.  A.W. subsequently gave a videotaped interview to a counselor at the New Orleans Children's Advocacy Center ("CAC").  A.W. reported that Smallwood put his private part in A.W.'s rear end and that the repeated incidents of abuse occurred at Smallwood's house.

Once it was learned that the abuse occurred at Smallwood's apartment in Metairie, the case was transferred to the Jefferson Parish Sheriff's Office.  Detective Jason Guillot of that office obtained a warrant for Smallwood's arrest and to have him examined for sexually transmitted diseases including genital warts.  Detective Guillot arrested Smallwood at his place of work in St. Tammany Parish and took him to be examined at the emergency room at West Jefferson Hospital. Dr. Damon Deitrich, who was not an expert in infectious diseases or sexually transmitted diseases, examined Smallwood but he did not see any genital warts on Smallwood at that time.

Smallwood was then taken to the Jefferson Parish Sheriff's Detective Bureau where he gave a statement denying that he had anally raped or inappropriately touched A.W. in any way. He also told Detective Guillot that A.W.'s mother, father, and uncle all had genital warts. Because of these allegations, all three adults were examined for genital warts and were found <u>not</u> to have them. Smallwood eventually consented to a second examination for genital warts. The exam was conducted by a dermatologist who observed multiple genital warts on defendant's penis.

Detective Guillot also spoke with A.W. about what happened. A.W. was nervous so he wrote on a piece of paper, "He put His private in my Back side."

Smallwood was tried before a jury on March 24 through 26, 2008, and was found guilty as charged of aggravated rape.[7] At a hearing on June 6, 2008, the Trial Court denied Smallwood's motion for a new trial and, after waiver of legal delays, sentenced Smallwood to serve life in prison without benefit of parole, probation, or suspension of sentence.[8]

On direct appeal to the Louisiana Fifth Circuit, Smallwood's appointed counsel raised several errors:[9] (1) the evidence was insufficient to support the verdict; (2) the Trial Court erred in interrupting and limiting the time of counsel's closing argument in a manner that effectively denied him effective assistance of counsel and a fair trial; and (3) the Trial Court erred in denying the defense motion for a mistrial during the State's improper closing argument. Counsel also requested that the appellate court review the matter for errors patent on the record.

---

[7]St. Rec. Vol. 4 of 8, Trial Minutes, 3/24/08; Trial Minutes, 3/25/08; Trial Minutes, 3/26/08; Jury Verdict, 3/26/08; Trial Transcript, 3/24/08; St. Rec. Vol. 5 of 8, Trial Transcript, 3/25/08; St. Rec. Vol. 6 of 8, Trial Transcript, 3/26/08; St. Rec. Vol. 7 of 8, Transcript of Closing Arguments, 3/26/08.

[8]St. Rec. Vol. 6 of 8, Sentencing Minutes, 6/6/08; Sentencing Transcript, pp. 5-6, 6/6/08; St. Rec. Vol. 4 of 8, Motion for New Trial, 6/6/08.

[9]St. Rec. Vol. 6 of 8, Appeal Brief, 09-KA-0086, 3/9/09; Supplemental Appeal Brief, 09-KA-0086, 3/9/09.

The Louisiana Fifth Circuit affirmed Smallwood's conviction and sentence on July 28, 2009, finding no merit in the claims.[10]  On its own review, the Court noted that the Trial Court erred in failing to designate the sentence to be served at hard labor and found no need for corrective measure since the sentence was statutorily mandated.  The Court, however, remanded the matter in part for the Trial Court to provide Smallwood with written notice of the sex offender and child predator registration requirements.  The Trial Court complied on September 18, 2009.[11]

Smallwood did not seek rehearing or timely apply for review in the Louisiana Supreme Court.[12]  His conviction and sentence became final thirty (30) days later, on Wednesday, August 27, 2009,  when the time for doing so expired.  *Butler v. Cain*, 533 F.3d 314, 317 (5th Cir. 2008) (citing *Roberts v. Cockrell,* 319 F.3d 690, 694-95 (5th Cir. 2003)) (an appeal is final for AEDPA purposes when a state defendant does not timely proceed to the next available step in the state appeal process).

On Thursday, August 28, 2009, Smallwood signed and submitted an untimely writ application to the Louisiana Supreme Court.[13]  The Court denied the application without stated reasons on September 24, 2010.[14]

---

[10]*State v. Smallwood*, 20 So.3d at 479; St. Rec. Vol. 2 of 8, 5th Cir. Opinion, 09-KA-86, 7/28/09.

[11]St. Rec. Vol. 2 of 8, Minute Entry, 9/18/09; Notification to Sex Offender, 9/18/09.

[12]Pursuant to La. S. Ct. R. X§5, petitioner had 30 days from the issuance of the state appellate court's opinion to mail or file a timely writ application in the Louisiana Supreme Court, which he did not do.  The opinion was issued and mailed to the parties on July 28, 2009.  St. Rec. Vol. 2 of 8, Notice of Judgment, 09-KA-86, 7/28/09.

[13]*See id*. Smallwood dated his signature on the application and the cover letter on August 28, 2009, which is the earliest date appearing in the record on which he could have submitted the pleadings to prison officials for mailing to the Louisiana Supreme Court. *See also* St. Rec. Vol. 8 of 8, La. S. Ct. Writ Application, 09-KH-2020, 9/15/09 (postal meter 9/3/09, dated 8/28/09); Cover Letter, dated 8/28/09; St. Rec. Vol. 2 of 8, La. S. Ct. Letter, 2009-KH-2020, 9/15/09 (showing postal meter 9/3/09).

[14]*State ex rel. Smallwood v. State*, 45 So.3d 1065 (La. 2010); St. Rec. Vol. 8 of 8, La. S. Ct. Order, 2009-KH-2020, 9/24/10.

Over ten months later, on July 27, 2011, Smallwood submitted an application for post-conviction relief to the state trial court raising four grounds:[15] (1) the Trial Court abused its discretion in denying five challenges for cause made by the defendant during voir dire; (2) appellate counsel was ineffective when he failed to raised the abuse of discretion claim on direct appeal; (3) trial counsel was ineffective when he failed to request a special jury instruction on the mandatory life sentence; and (4) the cumulative effect of the errors denied him a fair trial and effective assistance of counsel.

After receiving a response from the State, the Trial Court denied the application on December 8, 2011, finding no merit in the first three claims and finding the fourth claim to be procedurally barred from post-conviction review under La. Code Crim. P. art. 930.3.[16]

On January 26, 2012, Smallwood timely submitted a writ application to the Louisiana Fifth Circuit seeking review of the Trial Court's ruling and review of the merits of his claims.[17]  The Court denied relief on May 2, 2012, in its reasoned opinion finding no error in the Trial Court's ruling.[18]

In the meantime, on March 27, 2012, Smallwood submitted a motion to the state trial court seeking leave to supplement his original application for post-conviction relief.[19]  The Trial Court denied the motion on May 8, 2012, finding it to be untimely.[20]

---

[15]St. Rec. Vol. 3 of 8, Application for Post-Conviction Relief, 7/28/11 (dated 7/27/11).

[16]St. Rec. Vol. 3 of 8, Trial Court Order, 12/8/11; Trial Court Order, 8/25/11; State's Response, 9/9/11.

[17]St. Rec. Vol. 8 of 8, 5th Cir. Writ Application, 12-KH-109, 2/1/212 (postmarked 1/27/12, dated 1/26/12).

[18]St. Rec. Vol. 8 of 8, 5th Cir. Order, 12-KH-109, 10/1/07.

[19]St. Rec. Vol. 3 of 8, Application to Request Supplement, 4/3/12 (dated 3/27/12).

[20]St. Rec. Vol. 3 of 8, Trial Court Order, 5/8/12.

Shortly afterward, on May 16, 2012, Smallwood submitted a writ application to the Louisiana Supreme Court arguing that the lower courts erred in denying his application for post-conviction relief referencing only the issues that the Trial Court's denied five challenges for cause during voir dire and that appellate counsel failed to raise that issue on direct appeal.[21]

While that writ application was pending, Smallwood returned to the Trial Court seeking reconsideration of that Court's denial of his request to supplement the original post-conviction application.[22]  The Court denied the motion on July 27, 2012, holding that any additional claims not raised in the original application for post-conviction relief, which was denied before the motion to supplement was filed, would be considered successive and procedurally barred from review under La. Code Crim. P. art. 930.4(B), (C), (D), and (E).[23]  He did not pursue review of that ruling.

The Louisiana Supreme Court subsequently denied Smallwood's pending writ application without stated reasons on October 12, 2012.[24]

## II.    Federal Petition

On April 4, 2013, the clerk of this Court filed Smallwood's petition for federal habeas corpus relief, in which he raised the four grounds for relief:[25] (1) the Trial Court abused its discretion in denying five challenges for cause made by the defendant during voir dire; (2) appellate counsel was ineffective when he failed to raised the abuse of discretion claim on direct appeal; (3) trial counsel

---

[21]St. Rec. Vol. 8 of 8, La. S. Ct. Writ Application, 12-KH-1186, 5/30/12 (postal meter 5/23/12, dated 5/16/12); St. Rec. Vol. 3 of 8, La. S. Ct. Letter, 2012-KH-1186, 5/30/12 (showing postal meter 5/23/12).

[22]St. Rec. Vol. 3 of 8, Motion for Reconsideration of Judgment, 6/19/12 (dated 6/14/12).

[23]St. Rec. Vol. 3 of 8, Trial Court Order, 7/27/12.

[24]*State ex rel. Smallwood v. State*, 99 So.3d 40 (La. 2012); St. Rec. Vol. 8 of 8, 2012-KH-1186, 10/12/12.

[25]Rec. Doc. Nos. 3, 5.

was ineffective when he failed to request a special jury instruction on the mandatory life sentence; and (4) the cumulative effect of the errors denied him a fair trial and effective assistance of counsel.

The State filed a response in opposition arguing that Smallwood's petition was not timely filed and that he failed to exhaust state court remedies on this third and fourth claims.[26]

Smallwood filed a reply arguing without detail that the State miscalculated the limitations period and that he is entitled to equitable tolling where his trial counsel did not advise him of the limitation period for filing for state post-conviction and federal habeas relief.[27]  He also asks the Court to consider that he is untrained in the law and had to rely on the legal assistance available at the prison.  Smallwood also contends that he is actually innocent of the offense charged and entitled to review of the merits of his claims.

## III.    Motions to Amend or Supplement and Stay the Petition (Rec. Doc. Nos. 15, 16)

Smallwood has filed two virtually identical pleadings entitled Motion to Amend or Supplement § 2254 Petition and to Stay the Petition in Abeyance to Exhaust State Remedies (Rec. Doc. Nos. 15, 16).  He seeks a stay of these proceedings to allow him to exhaust state court remedies.  He presents no argument to support a request to amend or supplement the petition.

Rule 11 of the Rules Governing Section 2254 Cases permits application of the Federal Rules of Civil Procedure in habeas cases "to the extent that [the civil rules] are not inconsistent with any statutory provisions or [the habeas] rules."  *Mayle v. Felix*, 545 U.S. 644, 654 (2005) (quoting Fed. Civ. P. 11); *see also* Fed. Rule Civ. P. 81(a)(4)(A) (The civil rules "apply to proceedings for habeas corpus. . .").  28 U.S.C. § 2242 specifically provides that habeas applications "may be amended . .

---

[26]Rec. Doc. No. 13.

[27]Rec. Doc. No. 14.

. as provided in the rules of procedure applicable to civil actions." Therefore, the Court may utilize the provisions of Fed. R. Civ. P. 15 when considering a motion to amend a habeas petition. *Mayle*, 545 U.S. at 655.

Rule 15(a) of the Federal Rules of Civil Procedure governs the amendment of pleadings and provides that the courts should "freely give leave when justice so requires." Rule 15(a) evinces a liberal amendment policy and a motion to amend should not be denied absent a substantial reason to do so. *See Jacobsen v Osborne*, 133 F.3d 315, 318 (5th Cir. 1998); *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 872 (5th Cir. 2000) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Leffall v. Dallas Indep. Sch. Dist.*, 28 F.3d 521, 524 (5th Cir. 1994); *Martin's Herend Imports, Inc. v. Diamond & Gem Trading U.S. Am. Co.*, 195 F.3d 765, 770 (5th Cir. 1999); *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 597-98 (5th Cir. 1981)). However, leave to amend is by no means automatic. *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993); *Addington v Farmer's Elevator Mut. Ins. Co.,* 650 F.2d 663, 666 (5th Cir. 1981).

In exercising its discretion, a court may consider factors such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment." *Wimm*, 3 F.3d at 139; *Gregory v Mitchell*, 634 F.2d 199, 203 (5th Cir. 1981). Futility in this context means "that the amended complaint would fail to state a claim upon which relief could be granted." *Stripling*, 234 F.3d at 873 (quotations and citations omitted); *accord Fenghui Fan v. Brewer*, 377 F. App'x 366, 367 (5th Cir. 2010).

Considering the relevant factors in this case weighs in favor of denying the motion to amend. First, Smallwood has not indicated any basis whatsoever to amend or supplement his federal

petition.  He has not specified any new claim to be considered or any argument to be added to his existing claims.  Without some indication of what he intends to amend or supplement, his request for leave to do so is not only futile but it is in bad faith and frivolous.  In addition, by simultaneously requesting a stay, he is necessarily seeking a substantial and unexplained delay that is not warranted under these circumstances as will be further discussed.  The motion to amend or supplement the petition should be denied.

The request for a stay is also unsupported by the record and should be denied.  Smallwood concedes in the motions that he failed to exhaust his third and fourth claims through the Louisiana Supreme Court.  He requests that this federal action be held in abeyance to allow him to return to the state courts to complete exhaustion.

"Section 2254(b) requires that prisoners must ordinarily exhaust state court remedies before filing for federal habeas relief."  *Cullen v. Pinholster*, __ U.S. __, 131 S.Ct. 1388,  1399 (2011); *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998) ("A fundamental prerequisite to federal habeas relief under § 2254 is the exhaustion of all claims in state court prior to requesting federal collateral relief.") (citing *Rose v. Lundy*, 455 U.S. 509, 519-20 (1982)); *Nobles v. Johnson*, 127 F.3d 409, 419 (5th Cir. 1997).  The Supreme Court has consistently interpreted § 2254 to require a federal habeas petitioner to complete exhaustion before seeking federal relief in order to promote "'comity, finality, and federalism,' by giving state courts 'the first opportunity to review [the] claim,' and to 'correct' any 'constitutional violation in the first instance.'"  *Carey v. Saffold*, 536 U.S. 214, 220 (2002) (citations omitted) (quoting *Williams v. Taylor*, 529 U.S. 420, 436 (2000); *O'Sullivan v. Boerckel*, 526 U.S. 838, 844-845 (1999)); *Cullen*, 131 S. Ct. at 1401; *Jiminez v. Quarterman*, 555 U.S. 113, 121 (2009).  For this reason, the Supreme Court also provides that petitions containing

unexhausted claims and mixed petitions containing both exhausted and unexhausted claims be dismissed to require complete exhaustion. *Pliler v. Ford*, 542 U.S. 225, 233 (2004); *Whitehead*, 157 F.3d at 387 (citing 28 U.S.C. § 2254(b)(1)(A); *Rose*, 455 U.S. at 519-20). To achieve these goals, 28 U.S.C. § 2254(b)(1)(A) does not allow a federal court to grant relief on a habeas claim unless the petitioner has exhausted state court remedies. *Cullen*, 131 S.Ct. at 1398. On the other hand, under 28 U.S.C. § 2254(b)(2), a federal court may address an unexhausted claim only if it is to be "denied on the merits."

In *Pliler*, 542 U.S. at 227, the Supreme Court addressed the availability of a stay-and-abeyance in connection with "mixed petitions" containing both exhausted and unexhausted claims. *Id*. The *Pliler* Court ultimately reiterated the long-standing directive that a mixed petition be dismissed without prejudice to require exhaustion. *Id*. at 233. The Supreme Court recognized that a petitioner has two choices when faced with dismissal of a mixed petition: (1) return to the state courts to exhaust his claims in full; or (2) amend or resubmit his petition to raise only exhausted claims in the federal district court. *Id*.

The Supreme Court later held that stay-and-abeyance was an <u>extraordinary</u> remedy <u>not</u> to be made readily available to a habeas petitioner. *Rhines v. Weber*, 544 U.S. 269, 278 (2005). The *Rhines* Court cautioned that a stay-and-abeyance "should be available only in <u>limited</u> circumstances," (emphasis added) and is appropriate <u>only</u> when the district court determines that there was "good cause" for the failure to exhaust. *Id*. at 277. Stays are improper when the unexhausted claims are "plainly meritless" or where the petitioner has engaged in "abusive litigation tactics or intentional delay." *Id*.

11

In this case, Smallwood has filed a mixed petition as discussed in *Rhines*.  As noted by the respondent, Smallwood raised all of his claims in the lower state courts and failed to include his third and fourth claims in his review before the Louisiana Supreme Court.  Considering his pleadings before this Court, Smallwood has failed to present good cause for this failure to do so before filing his federal petition.

Smallwood has offered only conclusory comments regarding his failure to properly exhaust. He has presented no substantive reasons for his failure in his traverse to the State's opposition response or in the motions for the stay.  The record also shows that his last request to pursue additional post-conviction relief was denied by the state trial court as procedurally barred.  While he sought no review of that order, it is unlikely that his efforts to return to further exhaust would fare any better.  A stay to allow completion of exhaustion is an extraordinary remedy and must be strictly limited to instances in which good cause is shown for the failure fully to exhaust.  *Rhines*, 544 U.S. at 278.  This is not such a case.

Furthermore, as the record shows, Smallwood's federal petition is not timely filed as will be discussed later in this report.  A stay would be unnecessary and unduly burdensome on the Court and the respondent where the underlying petition is already untimely and any delay in his return would not cure that concern.  *See Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005) ("When a postconviction petition is untimely under state law, that is the end of the matter for purposes of § 2244(d)(2)." (quotation marks and brackets omitted)); *Nellon v. Cain*, No. 10-4430, 2012 WL 1142539, at *3 (E.D. La. Jan. 25, 2012), *adopted*, 2012 WL 1089232, at *1 (E.D. La. Mar. 30, 2012).  As a result, there is no basis for a stay in this case and Smallwood's motions for a stay should be denied.

IV.     **General Standards of Review**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214,[28] applies to this petition, which is deemed filed in this court under the federal mailbox rule on November 1, 2012.[29]   The threshold questions in habeas review under the amended statute are whether the petition is timely and whether the claim raised by the petitioner was adjudicated on the merits in state court; *i.e.*, the petitioner must have exhausted state court remedies and must not be in "procedural default" on a claim.   *Nobles*, 127 F.3d at 419-20 (citing 28 U.S.C. § 2254(b), (c)); *see also Day v. McDonough*, 547 U.S. 198, 205 (2006) (recognizing the AEDPA's statute of limitations as a threshold determination).

The State argues that Smallwood's federal petition was not timely filed and his petition contains two unexhausted claims.   As discussed above, Smallwood has conceded in his motions seeking a stay that he has failed to fully exhaust his third and fourth claims.   The Court's review of the record confirms that Smallwood has failed to fully exhaust these claims.   This is not, however,

---

[28]The AEDPA comprehensively revised federal habeas corpus legislation, including 28 U.S.C. § 2254, and applied to habeas petitions filed after its effective date, April 24, 1996. *Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998) (citing *Lindh v. Murphy*, 521 U.S. 320 (1997)). The AEDPA, signed into law on that date, does not specify an effective date for its non-capital habeas corpus amendments. Absent legislative intent to the contrary, statutes become effective at the moment they are signed into law. *United States v. Sherrod*, 964 F.2d 1501, 1505 n.11 (5th Cir. 1992).

[29]The Fifth Circuit has recognized that a "mailbox rule" applies to pleadings, including habeas corpus petitions filed after the effective date of the AEDPA, submitted to federal courts by prisoners acting pro se. Under this rule, the date when prison officials receive the pleading from the inmate for delivery to the court is considered the time of filing for limitations purposes. *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999); *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998); *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995). The clerk of court filed Smallwood's federal habeas petition on April 4, 2013, when the filing fee was received after denial of pauper status. Smallwood certified under penalty of perjury that he placed the original pleadings into the prison mail system on November 1, 2012. Rec. Doc. No. 3, pp. 6-7.  He has declared this to be the date on which he delivered the pleadings to prison officials for mailing.  The fact that he paid the filing fee on a later date does not alter the application of the federal mailbox rule to his pro se petition.  *See Cousin v. Lensing*, 310 F.3d 843, 847 (5th Cir. 2002) (mailbox rule applies even if inmate has not paid the filing fee at the time of mailing) (citing *Spotville*, 149 F.3d at 378).

dispositive of his petition. As mentioned previously, Smallwood's federal petition is not timely filed and should be dismissed with prejudice for that reason.

## V.    Statute of Limitations

The AEDPA requires a petitioner to bring his § 2254 claim within one year of the date his conviction became final.[30]  *Duncan v. Walker*, 533 U.S. 167, 176-80 (2001).  As calculated previously, Smallwood's conviction was final on August 27, 2009.  Under the plain language of § 2244, he had one year, or until August 27, 2010, to file a timely federal application for habeas corpus relief which he did not do.  Thus, literal application of the statute would bar Smallwood's § 2254 petition as of that date unless he is entitled to tolling as provided for under the AEDPA.

### A.    Statutory Tolling

Section 2244(d)(2) provides that the time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation.  *See* 28 U.S.C. § 2244(d)(2).  In order for a state post-conviction application to be considered "properly filed" within the meaning of §

---

[30]The statute of limitations provision of the AEDPA provides for other triggers which do not apply here:
(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of--

A.    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

B.    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;

C.    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

D.    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.  28 U.S.C. § 2244(d).

2244(d)(2), the applicant must have complied with all of the State's procedural requirements, such as timeliness and place of filing. *Pace*, 544 U.S. at 413-14; *Williams v. Cain*, 217 F.3d 303, 306-08 & n.4 (5th Cir. 2000) (quoting *Smith v. Ward*, 209 F.3d 383, 384-85 (5th Cir. 2000)); *Villegas v. Johnson*, 184 F.3d 467, 468-69 (5th Cir. 1999), *reh'g denied*, 196 F.3d 1259 (5th Cir. 1999) (Table). For purposes of the AEDPA, a timeliness calculation in Louisiana requires the application of the prison mailbox rule to state pleadings. *Causey v. Cain*, 450 F.3d 601, 604-05 (5th Cir. 2006). The Court has applied this rule in presenting the procedural history recited above.

A matter is "pending" for § 2244(d)(2) purposes "as long as the ordinary state collateral review process is 'in continuance.'" *Carey*, 536 U.S. at 219-20; *Williams*, 217 F.3d at 310 (a matter is "pending" for Section 2244(d)(2) purposes until further appellate review is unavailable under Louisiana's procedures.'") (quoting *Bennett v. Artuz*, 199 F.3d 116, 120 (2d Cir. 1999), *aff'd*, 531 U.S. 4 (2000)); *see also Melancon v. Kaylo*, 259 F.3d 401, 405 (5th Cir. 2001).

The phrase "other collateral review" in the statute refers to state court proceedings challenging the pertinent judgment subsequently challenged in the federal habeas petition. *Dillworth v. Johnson*, 215 F.3d 497, 501 (5th Cir. 2000) (state habeas petition challenging a prior conviction in one county was other collateral review even though filed as a challenge to a second conviction in a different county); *Nara v. Frank*, 264 F.3d 310, 316 (3d Cir. 2001), *overruled on other grounds by Carey*, 536 U.S. at 214 (motion to withdraw a guilty plea is "other collateral review"). A "pertinent judgment or claim" requires that the state filings for which tolling is sought must have challenged the same conviction being challenged in the federal habeas corpus petition and must have addressed the same substantive claims now being raised in the federal habeas corpus petition. *Godfrey v. Dretke*, 396 F.3d 681, 687-88 (5th Cir. 2005).

In the instant case, the AEDPA filing period began to run on August 28, 2009, the day after Smallwood's conviction became final.  The one-year filing period ran uninterrupted for 365 days until August 27, 2010 when it expired.  Smallwood did not have any properly filed state application for post-conviction or other collateral review pending during that period of time.

The Court is aware that, on August 28, 2009, Smallwood submitted for filing an untimely writ application to the Louisiana Supreme Court.  As noted above, under La. S.Ct. Rule X § 5, an application seeking review of a judgment by the court of appeal shall be filed or postmarked within 30 days of the issuance of the judgment under review or from denial of a timely filed application for rehearing.  *Accord Wilson v. Cain*, 564 F.3d 702 (5th Cir. 2009).  As a prisoner, Smallwood is entitled to the application of the prison mailbox rule to his state pleadings.  *Causey*, 450 F.3d at 604-05.

As outlined above, applying the mailbox rule, Smallwood is deemed to have filed his Louisiana Supreme Court application on August 28, 2009, when it was signed and submitted for mailing.  This was outside of the 30-day time limit allowed in La. S.Ct. Rule X § 5.  A writ application which fails to comply with La. S.Ct. Rule X § 5 is not "properly filed" because it is untimely, and it is not pending as post-conviction review for purposes of the AEDPA's statute of limitations and tolling doctrines.  *Butler*, 533 F.3d at 318-19; *Larry v. Dretke*, 361 F.3d 890, 897 (5th Cir. 2004) (failure to file state pleadings in the time-frame provided for under state law rendered the pleadings not properly filed); *Wardlaw v. Cain*, 541 F.3d 275, 279 (5th Cir. 2008) (same). Smallwood's 2009 Louisiana Supreme Court writ application did not interrupt or toll the AEDPA filing period, which expired on August 27, 2010, as calculated above.

Smallwood's next properly filed state application for post-conviction relief was deemed filed in the Trial Court on July 27, 2011, eleven months after the one-year AEDPA filing period expired. He received no tolling benefit from a state application filed after the expiration of the limitations period. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000).

Thus, his federal habeas petition deemed filed on November 1, 2012, was not timely filed when the AEDPA filing period expired on August 27, 2010.

### B.     Equitable Tolling Doctrine

The post-AEDPA jurisprudence also provides for equitable tolling where rare or extraordinary circumstances may have prevented a diligent petitioner from timely pursuing federal habeas corpus. *Pace*, 544 U.S. at 418; *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999), *cert. denied*, 531 U.S. 1164 (2001); *Cantu-Tzin v. Johnson*, 162 F.3d 295, 299 (5th Cir. 1998); *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir. 1998), *cert. denied*, 526 U.S. 1074 (1999). Equitable tolling is warranted <u>only</u> in situations where the petitioner was actively misled or is prevented in some extraordinary way from asserting his rights. *Pace*, 544 U.S. at 418-19; *see Cousin v. Lensing*, 310 F.3d 843, 848 (5th Cir. 2002).

Equitable tolling has only been extended under extraordinary circumstances outside the control of the petitioner. *See Holland v. Florida*, __ U.S. __, 130 S.Ct. 2549, 2574-75 (2010) (equitable tolling was warranted where attorney was more than negligent when he failed to satisfy professional standards of care by ignoring the client's requests to timely file a federal petition and in failing to communicate with the client over a period of years in spite of the client's letters); *Hardy v. Quarterman*, 577 F.3d 596, 599-600 (5th Cir. 2009) (equitable tolling was warranted where petitioner suffered a significant state-created delay when, for nearly one year, the state appeals court

failed in its duty under Texas law to inform him that his state habeas petition had been denied, petitioner diligently pursued federal habeas relief, and he persistently inquired to the court.); *United States v. Wynn*, 292 F.3d 226, 230 (5th Cir. 2002) (tolling warranted when defendant was deceived by attorney into believing that a timely motion to vacate was filed); *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) ("A garden variety claim of excusable neglect does not support equitable tolling.") (quotation omitted); *Fisher*, 174 F.3d at 715 (tolling not justified during petitioner's 17-day stay in psychiatric ward, during which he was confined, medicated, separated from his glasses and thus rendered legally blind, and denied meaningful access to the courts); *Cantu-Tzin*, 162 F.3d at 300 (State's alleged failure to appoint competent habeas counsel did not justify tolling); *Davis*, 158 F.3d at 808 n.2 (assuming without deciding that equitable tolling was warranted when federal district court three times extended petitioner's deadline to file habeas corpus petition beyond expiration of AEDPA grace period).

Smallwood has not presented, and the record does not demonstrate, any basis for extending the extraordinary remedy of equitable tolling under the § 2244(d) computation.  The fact that Smallwood is not educated in the law or is reliant upon assistance from inmate counsel on post-conviction does not warrant equitable tolling.  *Fierro v. Cockrell*, 294 F.3d 674, 682 (5th Cir. 2002) (". . . neither excusable neglect nor ignorance of the law is sufficient to justify equitable tolling."); *Sutton v. Cain*, __ F.3d __, 2013 WL 3387750, slip op. at *3 (5th Cir. Jul. 8, 2013).  In fact the United States Fifth Circuit has held that circumstances such as lack of legal assistance in preparing post-conviction pleadings, ignorance of the law, lack of knowledge of filing deadlines, and temporary denial of access to or inadequacy of research materials or a prison law library are not sufficient to warrant equitable tolling.  *Tate v. Parker*, 439 F. App'x 375, 376 (5th Cir. 2011) (per

curiam) (citing *Felder v. Johnson*, 204 F.3d 168, 171-72 (5th Cir. 2000) and *Scott*, 227 F.3d at 263 & n.3); *see also Gonzalez v. Wilkinson*, 269 F. App'x 481, 486 (5th Cir. 2008) (the fact that petitioner did not have assistance of counsel for his post-conviction briefing does not warrant equitable tolling). Thus, none of the generic or "garden variety" circumstances listed by Smallwood are sufficient to award him equitable tolling. *See Holland*, 130 S.Ct. at 2564.

The record does not contain any of the extraordinary circumstances previously recognized by the precedent cited above. Had Smallwood diligently pursued the full-extent of his state court remedies in a timely manner, he could have better preserved the federal filing period. The record instead reflects that he engaged in an incomplete pursuit of relief and there is no basis for equitable tolling in this record.

## C.   Actual Innocence Exception

In addition, the Court recognizes that Smallwood offers the conclusory suggestion of his actual innocence as a basis for overcoming the untimeliness of his federal petition and its dismissal without review of the merits of his claims. Recently, in *McQuiggin v. Perkins*, __ U.S. __, 133 S.Ct. 1924 (2013), the United States Supreme Court held "that actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar . . . or, as in this case, expiration of the statute of limitations." *Id.* at 1928. In recognizing the stringent standards of this exception to § 2244(d), the Court held that "[t]o invoke the miscarriage of justice exception to AEDPA's statute of limitations, we repeat, a petitioner 'must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence.'" *Id.* at 1935 (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)).

In this case, Smallwood has offered no new evidence of his factual innocence, much less any evidence that would undermine the verdict reached by the jury in his case or lead the Court to conclude that a reasonable jury would question his guilt. *Accord*, *Golmon v. Director, TDJC-CID*, No. 13CV325,  2013 WL 3724838, at *1 (E.D. Tex. July 15, 2013).  Smallwood simply offers the same unsupported claim of innocence that was presented as part of his defense at trial, i.e. he did not rape A.W., a claim already considered by the jury at his trial and by the state courts when examining his claim of insufficient evidence on direct appeal.  Smallwood falls far short of meeting the threshold level of proof required to invoke an actual innocence or miscarriage of justice exception to the AEDPA's statute of limitation.  *See Golmon*, 2013 WL 3724838 at *1 (petitioner's failure to present any evidence of innocence was insufficient to invoke exception); *Sullivan v. Walker*, No. 12-CV-833, 2013 WL 2465366, at *3 (N.D. Tex. June 14, 2013) (same).

Smallwood's federal petition is deemed filed in this Court on November 1, 2012, which was over two years after the AEDPA filing period expired on August 27, 2010.  His petition should be dismissed as time-barred.

## VI.   Recommendation

It is therefore **RECOMMENDED** that Samuel Smallwood's Motions to Amend or Supplement § 2254 Petition and to Stay the Petition in Abeyance to Exhaust State Remedies (Rec. Doc. Nos. 15, 16) be **DENIED**.

It is further **RECOMMENDED** that Smallwood's petition for issuance of a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 be **DENIED** and **DISMISSED WITH PREJUDICE** as time-barred.

20

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  *Douglass v. United Servs. Auto. Assoc.*, 79 F.3d 1415, 1430 (5th Cir. 1996).[31]

New Orleans, Louisiana, this 21st day of August, 2013.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

---

[31]*Douglass* referenced the previously applicable ten-day period for the filing of objections.  Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.